IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SUSAN M. FRAHM, Personal
Representative of the ESTATE OF
JOHN A. FRAHM,

                                Plaintiff,

    v.

MARSHFIELD CLINIC, SAINT
JOSEPH'S HOSPITAL OF
MARSHFIELD, INC., and INJURED
PATIENTS AND FAMILIES
COMPENSATION FUND,

                                Defendants,

and

BLUE CROSS AND BLUE SHIELD
OF MICHIGAN,[1]

                                Nominal Defendant.

ORDER

07-C-364-C

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiff Susan M. Frahm brought this lawsuit as the personal representative of the

estate of her late husband, John Frahm. She alleges that defendants Marshfield Clinic and

---

[1] On October 1, 2007, I approved a stipulation dismissing nominal defendant Blue Cross and Blue Shield of Wisconsin. Dkt. #29. I have amended the caption accordingly.

1

Saint Joseph's Hospital of Marshfield were negligent in their care of her husband and that this negligence led ultimately to his death.  In addition to naming defendants Marshfield Clinic and Saint Joseph's Hospital of Marshfield, she names as a defendant Injured Patients and Families Compensation Fund and nominal defendant Blue Cross Blue Shield of Michigan.  In her complaint, plaintiff alleges that her damages total more than $75,000 and invokes the diversity jurisdiction of this court under 28 U.S.C. § 1332.

On September 7 and September 10, 2007, respectively, defendants Injured Patients and Families Compensation Fund and defendants Marshfield Clinic and Saint Joseph's Hospital of Marshfield, Inc. filed motions to dismiss this case for lack of subject matter jurisdiction on the grounds that dismissed nominal defendant Blue Cross Blue Shield of Wisconsin is a citizen of the same state as defendants Marshfield Clinic and Saint Joseph's Hospital of Marshfield.

However, before I can consider the pending motions I need to know the citizenship of the other parties.  Arbaugh v. Y & H Corp., 546 U.S. 500, 507 (2006) (court has independent obligation to insure that subject matter jurisdiction exists); Chase v. Shop n' Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997) (party seeking to invoke federal diversity jurisdiction bears burden of demonstrating that complete diversity and amount in controversy requirements are met). I will give plaintiff one week to supply this information.

2

First, plaintiff avers in her complaint that she "resides" in Michigan. This is insufficient. For the purpose of establishing diversity jurisdiction, the court examines the citizenship, not the residency, of individual persons. An individual is a citizen of the state in which she is domiciled, that is, in which she has a "permanent home and principal establishment, and to which she has the intention of returning whenever she is absent therefrom." Charles Alan Wright, Law of Federal Courts 161 (5th ed. 1994); see also Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002). A person has only one domicile, but may have several residences. Steigleder v. McQuesten, 198 U.S. 141 (1905) (distinguishing between residency and citizenship). Although I suspect that plaintiff's place of residency and place of citizenship may be the same, at the present time, plaintiff has established only her residency. She will need to file a supplement to her complaint and supply information about her citizenship.

Next, for purposes of determining diversity jurisdiction, corporations are "citizens" of the state in which they are incorporated and the state in which they have their principal place of business. 28 U.S.C. § 1332(c)(1). Plaintiff's complaint indicates that both defendant Marshfield Clinic and Saint Joseph's Hospital of Marshfield, Inc. are incorporated in Wisconsin and that defendant Marshfield Clinic "operates a medical center in Marshfield, Wisconsin" and that defendant Saint Joseph's Hospital of Marshfield, Inc.'s "principal office" is in Marshfield, Wisconsin. However, the complaint does not identify expressly the

3

locations of defendants' principal places of business. Therefore, when plaintiff submits her supplement, she must identify where defendants have their principal places of business.

Finally, plaintiff provides no information about either the organizational structure of Blue Cross Blue Shield of Michigan or its location. Although the name suggests that it is affiliated with the state of Michigan, this is insufficient to establish diversity jurisdiction. Therefore, in her supplement, plaintiff should identify what kind of business entity Blue Cross Blue Shield of Michigan is and provide any information necessary to establish its citizenship.

ORDER

IT IS ORDERED that plaintiff Susan Frahm may have until November 6, 2007, in which to supply the court and defendants with information pertaining to her citizenship, the principal places of business of the Marshfield Clinic and Saint Joseph's Hospital of Marshfield, Inc. and the citizenship of Blue Cross Blue Shield of Michigan. Failure to comply with this deadline will result in the dismissal of the case for lack of subject matter

jurisdiction.

      Entered this 30th day of October, 2007.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge