IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SUSAN M. FRAHM, Personal
Representative of the ESTATE OF
JOHN A. FRAHM,

                   Plaintiff,

      v.

MARSHFIELD CLINIC, SAINT
JOSEPH'S HOSPITAL OF
MARSHFIELD, INC., and INJURED
PATIENTS AND FAMILIES
COMPENSATION FUND,

                   Defendants,

and

BLUE CROSS AND BLUE SHIELD
OF MICHIGAN,[1]

                   Nominal Defendant.

OPINION and ORDER

07-C-364-C

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Plaintiff Susan M. Frahm brought this lawsuit in this court as the personal

representative of the estate of her late husband, John Frahm.  She alleges that defendants

---

[1] On October 1, 2007, I approved a stipulation dismissing nominal defendant Blue
Cross and Blue Shield of Wisconsin.  Dkt. #29.  I have amended the caption accordingly.

Marshfield Clinic and Saint Joseph's Hospital of Marshfield were negligent in their care of her husband and that this negligence led ultimately to his death.  In addition to naming defendants Marshfield Clinic and Saint Joseph's Hospital of Marshfield, she names as a defendant Injured Patients and Families Compensation Fund and nominal defendant Blue Cross Blue Shield of Michigan.  In her complaint, plaintiff alleges that her damages exceed $75,000 and she invokes the diversity jurisdiction of this court under 28 U.S.C. § 1332.

Now before the court are motions by defendants Injured Patients and Families Compensation Fund and defendants Marshfield Clinic and Saint Joseph's Hospital of Marshfield, Inc. to dismiss this case for lack of subject matter jurisdiction.  Defendants argue that nominal defendant Blue Cross Blue Shield of Michigan and former nominal defendant Blue Cross Blue Shield of Wisconsin should be aligned with plaintiff, rather than included as nominal defendants.  They contend that the proper alignment of Blue Cross Blue Shield of Wisconsin on plaintiff's side of the diversity equation destroys this court's jurisdiction because defendants are Wisconsin citizens.

Although I agree with defendants that Blue Cross and Blue Shield of Wisconsin and Blue Cross and Blue Shield of Michigan should be realigned as co-plaintiffs, rather than as nominal defendants, the October 1, 2007 dismissal of Blue Cross and Blue Shield of Wisconsin avoids the destruction of diversity jurisdiction by such a realignment.  In addition, I reject defendants' argument that the assignment of Blue Cross and Blue Shield

2

of Wisconsin's interest in this lawsuit to plaintiff was "collusive" and that this court should decline to exercise subject matter jurisdiction as a sanction for this collusion. Therefore, defendants' motions to dismiss will be denied.

One additional matter requires resolution before I discuss the merits of defendants' arguments regarding dismissal.   On October 15, 2007, plaintiff filed a surreply to defendants' motions to dismiss.  Defendants Injured Patients and Families Compensation Fund and defendant Saint Joseph's Hospital of Marshfield, Inc., have moved to strike plaintiff's surreply brief, pointing out correctly that the scheduling order does not provide for the filing of such a brief.  However, defendants raised an entirely new argument in their reply briefs: the dismissal of Blue Cross Blue Shield of Wisconsin was a collusive effort to maintain diversity jurisdiction and prohibited under 28 U.S.C. § 1359.  It is to this new argument that plaintiff's surreply brief is addressed.  Generally, this court will not consider arguments raised for the first time in a reply brief.   United States v. Adamson, 441 F.3d 513, 521 n.2 (7th Cir. 2006) (arguments raised for first time in reply brief considered waived).  However, given the development that Blue Cross Blue Shield of Wisconsin was dismissed from the case after defendants filed their opening briefs, I have considered their argument related to the dismissal.  Therefore, it is only fair to consider plaintiff's reply as well.  Defendants' motions to strike plaintiff's surreply brief will be denied.

I draw the following facts from plaintiff's complaint and her November 2, 2007

3

supplemental filing regarding the citizenship of the parties for the sole purpose of determining whether subject matter jurisdiction is present.

FACTS

Plaintiff Susan Frahm is a citizen of the state of Michigan. She is the personal representative of the estate of her husband, John Frahm.

Defendant Marshfield Clinic is a corporation organized under the laws of the State of Wisconsin. Its principal place of business is in Marshfield, Wisconsin. Defendant Saint Joseph's Hospital of Marshfield, Inc. is a non-stock corporation organized under the laws of the State of Wisconsin. Its principal place of business is Marshfield, Wisconsin. Defendant Injured Patients and Families Compensation Fund is an entity created by the state of Wisconsin that administers a fund of money to be paid to victims of medical malpractice for amounts over and above specified liability limits required to be carried by health care providers. Nominal defendant Blue Cross Blue Shield of Michigan is a corporation organized under the laws of the state of Michigan. Its principal place of business is in Michigan.

Nominal defendant Blue Cross Blue Shield of Michigan paid plaintiff medical benefits arising out of injuries sustained by John Frahm. Nominal defendant Blue Cross Blue Shield of Michigan may have a right to be reimbursed for these payments. Nominal defendant Blue

4

Cross Blue Shield of Wisconsin has paid plaintiff medical benefits arising out of injuries sustained by John Frahm.  It was dismissed from this lawsuit on October 1, 2007.

OPINION

A.  Proper Alignment of Parties

The parties agree that nominal defendant Blue Cross Blue Shield of Michigan is aligned with plaintiff and adverse to defendants.  Blue Cross Blue Shield of Michigan's only interest in this lawsuit is in recovering money it has already paid to plaintiff; it may be entitled to do so if plaintiff is successful in her claims against defendants. It has no interest in defendants' success.  I will realign the parties accordingly.  See, e.g., American Motorists Insurance Co. v. Trane Co., 657 F.2d 146, 151 (7th Cir. 1981) (realignment proper when the court finds that no actual, substantial controversy exists between parties to be aligned); Estate of Pickard ex rel. Pickard v. Wisconsin Central Ltd., 300 F. Supp. 2d 776 (W.D. Wis. 2002).

Likewise, were Blue Cross Blue Shield of Wisconsin still a party to this lawsuit, it too would be aligned properly with plaintiff, because it shares plaintiff's interest in recovering money from defendants plaintiff for her husband's injuries.

B.  Effect of Realignment and Dismissal

For a case to be within the diversity jurisdiction of the federal courts, diversity must

be complete, meaning that no plaintiff may be a citizen of the same state as any defendant. Strawbridge v. Curtiss, 7 U.S. 267 (1806); McCready v. eBay, Inc., 453 F.3d 882, 891 (7th Cir. 2006). The citizenship of a business entity is determined by its organizational structure. A corporation is deemed a citizen of the state in which it is incorporated and the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1); Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C., 385 F.3d 737, 741 (7th Cir. 2004).

When  Blue Cross Blue Shield of Wisconsin was dismissed from this case on October 1, 2007, its citizenship became a non-issue. Under the Federal Rules of Civil Procedure, "parties may be dropped or added by order of the court . . . on such terms as are just." Fed. R. Civ. P. 21. Blue Cross Blue Shield of Wisconsin's only interest in this case is in the recovery of money it paid previously to plaintiff. It has now satisfied that interest through an agreement with plaintiff regarding payment. Therefore, dismissal was proper.

As a general matter, whether subject matter jurisdiction is present under § 1332 is determined at the outset of a case and later events do not affect diversity jurisdiction. Trans States Airlines v. Pratt & Whitney Canada, Inc., 130 F.3d 290, 293 (7th Cir. 1997). However, there is an exception to this rule, involving "events, such as dismissal of a non-diverse party, that make federal jurisdiction secure." Johnson v. Wattenbarger, 361 F.3d 991, 993 (7th Cir. 2004); see also Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826

6

(1989).  That is precisely the case here.  When Blue Cross Blue Shield of Wisconsin would destroy complete diversity if properly aligned, its dismissal appears to secure the jurisdiction of this court (assuming plaintiff can provide the information requested below).  Therefore, if the case was dismissed today, plaintiff could properly refile it tomorrow, without including Blue Cross Blue Shield of Wisconsin as a party.  Thus, dismissal would make little sense.  As the Court of Appeals for the Seventh Circuit has noted, "if a suit can start over in the same court immediately after being tossed out, there is no point to a dismissal."  Johnson, 361 F.3d at 993.

## C.  "Collusive" Assignment of Interests

In their reply briefs, defendants make a last-ditch argument for dismissal.  They assert that even though Blue Cross Blue Shield of Wisconsin is no longer a party, the court should still dismiss the case because the agreement between plaintiff and Blue Cross Blue Shield of Wisconsin was a "collusive" effort to maintain this court's jurisdiction and therefore prohibited by 28 U.S.C. § 1359.  The statute states that "[a] district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." 28 U.S.C. § 1359.  The purpose of the statute is to avoid the "manufacture of Federal jurisdiction" by assignment of interests in "ordinary contract and tort litigation" involving questions of state

7

law.  <u>Kramer v. Caribbean Mills, Inc.</u>, 394 U.S. 823, 828-29 (1969) (finding collusive assignment made in return for $1 payment and assignee's promise to pay assignor 95% of any net recovery).

As noted above, Blue Cross Blue Shield of Wisconsin's only interest in this case was a subrogation interest in recovering money it paid to plaintiff previously for her husband's injuries.  According to the materials filed with the parties' reply briefs, Blue Cross Blue Shield of Wisconsin has paid plaintiff $17,107.58, some or all of which it may be entitled to recover if plaintiff prevails in this lawsuit.  Blue Cross Blue Shield of Wisconsin agreed to assign its interest in the outcome of the case in exchange for plaintiff's promise to pay it $11,673.32, slightly more than two-thirds of the amount to which it might be entitled.  The agreement contains a caveat that plaintiff's obligation to pay *may* be reduced if a jury returns a "verdict that does not include the medical care and treatment [Blue Cross Blue Shield of Wisconsin] paid on or after April 22, 2005."

Nothing about Blue Cross Blue Shield of Wisconsin's assignment of its interest in this litigation to plaintiff suggests that it is invalid and that this court should not exercise subject matter jurisdiction as a result of 28 U.S.C. § 1359.  The agreement assigns to plaintiff Blue Cross Blue Shield of Wisconsin's entire interest in the lawsuit in exchange for her promise to pay it a large percentage of the money to which it may be entitled.  As an initial matter, Blue Cross Blue Shield of Wisconsin had a limited interest in the outcome of the case.  The

8

most it would have received from plaintiff is approximately $17,000; under the agreement, it is poised to recover more than $11,500.  Blue Cross Blue Shield of Wisconsin may well have determined that it was reasonable to accept $5,500 less to be done with the litigation at the outset.  Moreover, plaintiff has always been the principal party in interest to the suit as the representative of her husband's estate.  She initiated this lawsuit and is asserting *her* rights against defendants and has been doing so all along.  If plaintiff is successful, she stands to gain because she seeks more relief from defendants than she would be required to reimburse Blue Cross Blue Shield of Wisconsin.  (In her complaint, plaintiff does not specify the amount of money she seeks, but alleges that it exceeds $75,000.)  Because the assignment is valid, it does not matter whether its effect is to maintain federal jurisdiction. Steele v. Hartford Fire Insurance Co., 788 F.2d 441, 444 (7th Cir. 1986) ("If otherwise valid, the assignment will not run afoul of the statute merely because its effect is to confer federal jurisdiction.").

ORDER

IT IS ORDERED that

1.  The motions to strike plaintiff's surreply brief filed by defendants Injured Patients and Families Compensation Fund, dkt. #38, and defendant Saint Joseph's Hospital of Marshfield, Inc., dkt. #37, are DENIED;

9

2.  The motions to dismiss plaintiff's complaint for lack of subject matter jurisdiction filed by defendants  Injured Patients and Families Compensation Fund, dkt. #19, and defendants Marshfield Clinic and Saint Joseph's Hospital of Marshfield, Inc., dkt. #22, are DENIED.

Entered this 7th day of November, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

10